IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Matthew L. Richey, | : | |
| Petitioner | : | Civil Action 2:11-cv-0514 |
| v. | : | Judge Graham |
| Michelle Miller, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

# Order

Petitioner Matthew L. Richey, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on Richey's July 25, 2011 motion requesting discovery (doc. 8).

On April 19, 2010, a Stark County, Ohio grand jury indicted Richey for aggravated vehicular homicide by causing Earl S. Morrison's death in violation of Ohio Revised Code § 2903.06(A)(1)(a) ; aggravated vehicular assault by causing serious physical harm to Kristopher Neighbors in violation of Ohio Revised Code § 2903.08(A)(1); failure to stop after an accident in violation of Ohio Revised Code § 4549.02; burglary in violation of Ohio Revised Code § 2911.12(A)(4); and operation of a vehicle under the influence of alcohol and/or drugs, a first degree misdemeanor. Respondent's September 29, 2011 Response to the Petition, Doc. 14, Ex. 3, PAGEID ## 82-83.

A bill of particulars charged that on February 27, 2010, while operating a motor vehicle under the influence of alcohol, cocaine and marijuana, Richey failed to stop at a

red light and struck two vehicles, causing Earl S. Morrison's death and causing serious physical harm to Kristopher Neighbors. Richey then knowingly fled the accident scene on foot without identifying himself or properly reporting the accident. While fleeing the fatal accident scene, Richey ran uninvited into a stranger's occupied house. When confronted by the homeowner, Richey fled again, but was later apprehended by the police. *Id.,* Ex. 2, PAGEID ## 79-81.

On June 25, 2010, Richey signed and executed a guilty plea form. The plea form conspicuously stated both the maximum and mandatory penalties for each offense and by signing, Richey explicitly acknowledged that he was freely and voluntarily pleading guilty, he understood the maximum penalties, he had complete confidence in his lawyer, his lawyer effectively and diligently represented him and that it was solely, Richey's own choice to enter the guilty plea. *Id.,* Ex. 5, PAGEID ## 90-100. On that same day, Richey entered his guilty plea in open court. *Id.*, Ex. 6, PAGEID ## 101-134.

The trial court sentenced Richey to 8 years imprisonment for the aggravated vehicular homicide offense, 1 year imprisonment for the aggravated vehicular assault offense, 1 year imprisonment for the failure to stop at an accident offense concurrent to the sentences in counts one and two, 1 year imprisonment for the burglary offense and 6 months imprisonment for the OMVI offense to run concurrent. The total aggregate sentence was 10 years imprisonment. The trial court also imposed 3 years post-release control as part of the sentence. *Id.*, Ex. 6, PAGEID ## 129-30; Ex. 1, PAGEID ## 68-76.

Richey's petition for writ of habeas corpus alleges that he is in custody of respondent in violation of the Constitution of the United States on the following grounds:

> GROUND ONE: Ineffective assistance of counsel.
>
> Supporting Facts: Allowed a guilty plea to be entered when Petitioner did not understand the amount of time that he was exposing himself to. Allowed a guilty plea that was not knowingly, voluntarily, nor intelligently made.
>
> GROUND TWO: Disparity of Sentence between Petitioner and other Defendants convicted of the same crime.
>
> Supporting Facts: Sentencing, while not beyond the scope of statutory law, does not fit the profile for this offender. A review of the record will show that others convicted of the same offenses did not receive as serious a sentence.
>
> GROUND THREE: The combined offenses were of similar import with the same animus, therefore consecutive sentences were not appropriate.
>
> Supporting Facts: Aggravated Vehicular Homicide and Aggravated Vehicular Assault are allied offenses of similar import. Sentencing the defendant to consecutive sentences for the same lesser included offense is a violation of Petitioner's right to be free of Double Jeopardy punishments.

June 13, 2011 petition, Doc. 1, PAGEID ## 3-5.

Petitioner asks that the court appoint counsel for him to assist with obtaining and interpreting discovery. He also seeks copies of all transcripts of proceedings. He wants to obtain the results of any tests that may have been performed on his vehicle after the crash, toxicology reports, and police statement reports. He also wants the original indictment and bill of particulars.

A habeas corpus petitioner is not entitled to discovery as of right. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796-97 (1997); *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2011). Under the provisions of Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Court, a petitioner "shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise." Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [.]" *Harris v. Nelson*, 394 U.S. 286, 299 (1969), quoted in *Bracy v. Gramley*, 117 S.Ct. at 1799; *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004). When a petitioner fails to make "a fact specific showing of good cause under Rule 6," the court will deny the discovery requests as a mere fishing expedition. *Stanford v. Parker,* above; *Williams v. Bagley*, above. Rule 7, Rules Governing Section 2254 Cases, further limits discovery, allowing only the "addition of records which are relevant to the merits of a habeas corpus petition." Finally, if a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by the Antiterrorism and Effective Death Penalty Act of 1996. See, 28 U.S.C. § 2254(e)(2)(A)(ii). *See, Keeney v. Tamayo-Reyes*, 112 S.Ct. 1715 (1992) (Requiring a showing of cause for the failure to develop the facts in the state court and the resulting prejudice if the discovery is not permitted in federal court).

Here, petitioner has failed to make any showing that the discovery he now re-

4

quests was unavailable to him in state court. Indeed, his attorney did seek and receive discovery before Richey pled guilty. Further, petitioner fails to explain how the discovery he seeks is likely to support his claims. None of the evidence requested is relevant to ground one. Grounds two and three attack the sentence petitioner received. Richey knew when he entered his guilty pleas that the judge could sentence him to the prison term he ultimately received. Petitioner argues that the discovery would help him show that the aggravated vehicular homicide "was not the most serious form of the offense, requiring that [he] be sentenced to the maximum amount of time allowed by statute." August 31, 2011, Reply Brief, Doc. 10, PAGEID # 28. However, both Richey and his attorney had the opportunity at sentencing to argue that the circumstances of the offense did not merit an eight year sentence. Petitioner makes no showing that there is reason to believe that the discovery he requests would lead to new information, unavailable to him at the time of sentencing, that would entitle him to federal habeas corpus relief.

Respondent has attached the guilty plea and sentencing transcripts to his answer to the petition. He has also provided copies of the indictment, bill of particulars, and guilty plea form. Finally, petitioner has failed to demonstrate good cause for the appointment of counsel.

A litigant has no constitutional right to be represented by counsel in a civil matter, and such appointment is justified only in exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.3d 601, 605-06 (6th

Cir. 1993). Petitions for writ of habeas corpus are civil proceedings. *United States v. Perry*, 360 F.3d 519, 523 (6th 2004). The appointment of counsel is a privilege, not a right. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).

Factors which the Court will consider in determining whether to appoint counsel for a litigant are (1) whether the litigant has a colorable claim, *Hyman v. Rickman*, 446 U.S. 989, 992 (1980)(Blackmun, J., dissenting from a denial of a writ of certiorari); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); (2) whether he is able to adequately investigate the facts, *Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); (3) whether he lacks the capacity to represent himself, *Merritt*, 697 F.2d at 765; *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978); (4) whether there is conflicting testimony which could best be tested by counsel, *Maclin*, 650 F.2d at 888; and (5) the complexity of the legal issues raised. *Merritt*, 697 F.2d at 765; *Maclin*, 650 F.2d at 888-89.

Another important factor in determining whether to appoint counsel is the plaintiff's chance of success on the merits. *Lavado*, 992 F.2d at 605; *Childs*, 822 F.2d at 1384; *Mars*, 752 F.2d at 256. Here respondent argues that Richey failed to timely present his federal claims to the Ohio Court of Appeals and the Ohio Supreme Court on direct appeal. When he filed a motion for delayed appeal, the Court of Appeals and the Ohio Supreme Court denied consideration of the claims because Richey failed to comply with firmly established, regularly followed procedural filing rules and did not establish cause to excuse the failure. Given this likely bar to consideration of his claims on the

6

merits, this factor, weighed with the other factors, favors denying the request to appoint counsel.

Accordingly, petitioner Matthew L. Richey's July 25, 2011 motion requesting discovery (doc. 8) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
