IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Matthew L. Richey, | : | |
| Petitioner | : | Civil Action 2:11-cv-00514 |
| v. | : | Judge Graham |
| Michelle Miller, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Matthew L. Richey, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Magistrate Judge on petitioner's motion under 28 U.S.C. § 2254 seeking a writ of habeas corpus (doc. 1).

    I.    **Background and Procedural History**

On April 19, 2010, a Stark County, Ohio grand jury indicted Richey for aggravated vehicular homicide by causing Earl S. Morrison's death in violation of Ohio Revised Code § 2903.06(A)(1)(a) ; aggravated vehicular assault by causing serious physical harm to Kristopher Neighbors in violation of Ohio Revised Code § 2903.08(A)(1); failure to stop after an accident in violation of Ohio Revised Code § 4549.02; burglary in violation of Ohio Revised Code § 2911.12(A)(4); and operation of a vehicle under the influence of alcohol and/or drugs, a first degree misdemeanor. Respondent's September 29, 2011 Response to the Petition, Doc. 14, Ex. 3, PAGEID ## 82-83.

A bill of particulars charged that on February 27, 2010, while operating a motor vehicle under the influence of alcohol, cocaine and marijuana, Richey failed to stop at a red light and struck two vehicles, causing Earl S. Morrison's death and causing serious physical harm to Kristopher Neighbors. Richey then knowingly fled the accident scene on foot without identifying himself or properly reporting the accident. While fleeing the fatal accident scene, Richey ran uninvited into a stranger's occupied house. When confronted by the homeowner, Richey fled again, but was later apprehended by the police. *Id.*, Ex. 2, PAGEID ## 79-81.

On June 25, 2010, Richey signed and executed a guilty plea form. The plea form conspicuously stated both the maximum and mandatory penalties for each offense and by signing, Richey explicitly acknowledged that he was freely and voluntarily pleading guilty, he understood the maximum penalties, he had complete confidence in his lawyer, his lawyer effectively and diligently represented him and that it was solely, Richey's own choice to enter the guilty plea. *Id.*, Ex. 5, PAGEID ## 90-100. On that same day, Richey entered his guilty plea in open court. *Id.*, Ex. 6, PAGEID ## 101-134.

The trial court sentenced Richey to 8 years imprisonment for the aggravated vehicular homicide offense, 1 year imprisonment for the aggravated vehicular assault offense, 1 year imprisonment for the failure to stop at an accident offense concurrent to the sentences in counts one and two, 1 year imprisonment for the burglary offense and 6 months imprisonment for the OMVI offense to run concurrent. The total aggregate

sentence was 10 years imprisonment. The trial court also imposed 3 years post-release control as part of the sentence. *Id.*, Ex. 6, PAGEID ## 129-30; Ex. 1, PAGEID ## 68-76.

Richey's petition for writ of habeas corpus alleges that he is in custody of respondent in violation of the Constitution of the United States on the following grounds:

> GROUND ONE: Ineffective assistance of counsel.
>
> Supporting Facts: Allowed a guilty plea to be entered when Petitioner did not understand the amount of time that he was exposing himself to. Allowed a guilty plea that was not knowingly, voluntarily, nor intelligently made.
>
> GROUND TWO: Disparity of Sentence between Petitioner and other Defendants convicted of the same crime.
>
> Supporting Facts: Sentencing, while not beyond the scope of statutory law, does not fit the profile for this offender. A review of the record will show that others convicted of the same offenses did not receive as serious a sentence.
>
> GROUND THREE: The combined offenses were of similar import with the same animus, therefore consecutive sentences were not appropriate.
>
> Supporting Facts: Aggravated Vehicular Homicide and Aggravated Vehicular Assault are allied offenses of similar import. Sentencing the defendant to consecutive sentences for the same lesser included offense is a violation of Petitioner's right to be free of Double Jeopardy punishments.

June 13, 2011 petition, Doc. 1, PAGEID ## 3-5.

Petitioner did not file a direct appeal to Ohio's Fifth District Court of Appeals. On September 10, 2010, petitioner filed a motion for leave to file a delayed appeal to the Fifth District Court of Appeals. Richey alleged that he did not have legal counsel after

3

his sentencing and that neither the court nor his trial counsel informed him that he must file his appeal within 30 days of conviction or that he could be appointed counsel on appeal. Richey argued that neither the court nor his attorney informed him that he was entitled to an automatic appeal after sentencing. He also argued that he was a first time offender and subject to the first time offender act, and he did not fit the criteria for a harsh sentence. *See* doc. 14-1 at 72.  On November 8, 2010, the appellate court denied petitioner's motion for leave to file a delayed appeal because he failed to show justifiable cause for the delay. Richey did not file a timely appeal of that decision to the Supreme Court of Ohio.

On January 25, 2011, Richey filed a motion for leave to file a delayed appeal to the Ohio Supreme Court. Richey asserted that he had not been informed of his right to file a direct appeal and that he did not know the deadlines for filing a direct appeal. On March 16, 2011, the Ohio Supreme Court denied his motion.

## II. Arguments of the Parties

### A. Respondent

Respondent argues that the petition should be dismissed because Richey did not fairly present his federal claims to the state courts thereby waiving federal habeas corpus review. A state prisoner must first have fairly presented to the state courts all federal and constitutional claims upon which habeas corpus relief is sought, otherwise the petitioner has waived the claims for federal habeas corpus review.

Respondent argues that Richey failed to follow Ohio Appellate Rule 4, and he forfeited his right to appeal to the Ohio Supreme Court. His motion for leave to file a delayed appeal to the Court of Appeals was denied because he failed to show good cause to excuse his failure to comply with procedural filing time requirements. According to respondent, the Ohio Supreme Court's denial of Richey's motion for leave to file a delayed appeal should be interpreted as a denial based on his procedural default.

### B.     Petitioner

Petitioner did not file a traverse to respondent's response to the petition.

### III.    Discussion

An application for a writ of habeas corpus filed a state prisoner cannot be granted unless the applicant has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not exhausted unless a habeas petitioner has provided the highest state court with a full and fair opportunity to rule on the claim. Petitioner is required to present the claim to the state courts in a procedurally proper manner in accordance with state rules. *Smith v. State of Ohio Dept. Of Rehabilitation and Corrections*, 463 F.3d 426, 430 (6th Cir. 2006).

In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit outlined when noncompliance with a state procedure will bar federal habeas review:

> First, there must be a state procedure in place that the petitioner failed to follow. [*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).] Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. *Id*. Third, the state procedural

>rule must be an "adequate and independent state ground" to preclude habeas review. *Id*. This inquiry "generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." *Id*. A state procedural rule must be " 'firmly established and regularly followed' " to constitute an adequate basis for foreclosing habeas review. *Deitz*, 391 F.3d at 808 (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)). A state procedural rule is an independent ground when it does not rely on federal law. *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If these three factors are satisfied, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. at 750, 111 S.Ct. 2546.

*Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 431 (6th Cir.)

Here, petitioner failed to timely present his claims to the Ohio Court of Appeals and the Ohio Supreme Court. Under Ohio Appellate Rule 4, a criminal defendant must file notice of direct appeal to the appellate court within 30 days of the judgment entry of conviction. Richey was convicted and sentenced on July 12, 2010, and the deadline for filing his appeal was August 11, 2010. On September 10, 2010, Richey filed a motion for leave to file a delayed appeal, which was denied on November 8, 2010. Ohio Supreme Court Practice Rule 2.2(A)(1)(a) requires criminal defendants to file a notice of appeal within 45 days from the date of a judgment entry is journalized. Richey had until December 23, 2010 in which to file an appeal the appellate court's November 8, 2010 decision, but Richey failed to timely file an appeal. Under Ohio Supreme Court Rule 2.2(A)(4)(a), a defendant may file a motion seeking leave to file a delayed appeal, and on January 25, 2011, petitioner filed his motion for a delayed appeal. The Court of

6

Appeals and the Ohio Supreme Court denied his motions for leave to file delayed appeals because he failed to demonstrate good cause for his failure to comply with firmly established, regularly followed procedural filing rules. As a result, the first two prongs of *Maupin* are satisfied.

The third prong of *Maupin* is also satisfied. Failure to comply with a deadline for filing an appeal is an adequate and independent basis upon which a state may rely to foreclose review of a federal claim. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (U.S. 1991)("The [independent and adequate state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."); *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011)("[A] petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims."); *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(A petitioner whose motion for delayed appeal to the Supreme Court of Ohio was denied procedurally defaulted the claims he had raised on direct appeal but failed to time present to the Ohio Supreme Court).

Petitioner failed to file a traverse in response to petitioner's return of writ. As a result, he failed to establish "cause" and "prejudice" for his failure to present these claims to the state courts. As a result, I conclude that his claims are procedurally defaulted and RECOMMEND that his petition be DISMISSED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the

Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel
United States Magistrate Judge